**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 99-4340

DAVID SANJURJO, a/k/a Mickey,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-98-338)

Submitted: September 21, 1999

Decided: October 8, 1999

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Craig Weston Sampson, Richmond, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Stephen W. Miller, Assistant United
States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

David Sanjurjo pled guilty to a superseding indictment charging that he conspired to distribute and to possess with intent to distribute cocaine base, see 21 U.S.C. § 846 (1994), and was sentenced to life imprisonment. Sanjurjo appeals his sentence, contending that the government failed to prove by a preponderance of the evidence that Sanjurjo was a leader of the conspiracy, see U.S. Sentencing Guidelines Manual § 3B1.1(a) (1998), and that he used minors in the commission of the crime, see USSG § 3B1.4. We affirm.

In the offense section of the presentence report, Sanjurjo was described as a member of a gang called the "Dogg Pound" and the gang's leader after February 1996 when the original leader, Javon Clayton, was murdered by a rival gang. The probation officer reported in the offense section that many gang members were juveniles, including Benjamin Sanjurjo, David's brother. The probation officer further stated that, when Sanjurjo was interviewed, he "admitted the facts as outlined in the Offense Section of the report" and "readily admitted to being the leader of the `Dogg Pound.'" The probation officer recommended that Sanjurjo receive a four-level adjustment for being the leader of the conspiracy from February 1996 until October 1997 under § 3B1.1(a), and for using a minor to commit the crime under § 3B1.4.

In a written sentencing memorandum, Sanjurjo argued that there was no evidence to support either role adjustment, and disputed the probation officer's characterization of his statement as an admission to such facts. The government responded with a memorandum providing more detailed evidence of Sanjurjo's leadership role, but without providing any indication of the source of the information.

At the sentencing hearing, Sanjurjo continued to oppose the role adjustments but, through his attorney, admitted to "having played some sort of organizational role in terms of being the guy that runs [drugs] to other people." He also admitted knowing that his minor brother was involved. The district court adopted the recommended findings in the presentence report.

On appeal, Sanjurjo contends that the district court erred in relying on hearsay evidence discussed by the government at the sentencing hearing without determining the source of the evidence or whether the evidence was reliable. However, Sanjurjo admitted at the sentencing hearing to facts which were sufficient to support the adjustments. Consequently, the district court did not err in adopting the probation officer's recommended findings.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3